# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Fred Anders,
  Petitioner

vs.

Ohio Adult Parole Authority,[1]
  Respondent

Case No. 1:05cv132
(Spiegel, S.J.; Hogan, M.J.)

Case No. 2:05cv512
(Graham, J.; Kemp, M.J.)

## REPORT AND RECOMMENDATION

  Petitioner, who apparently currently is on parole release under the supervision of the Ohio Adult Parole Authority (OAPA), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner essentially challenges his custody status on the ground that his state prison sentences have expired. (*See* Doc. 2). Petitioner raises the same claim in another case filed in the Eastern Division of this Court entitled *Fred L. Anders v. Ohio Adult Parole Authority, et al.,* Case No. 2:05cv512 (Graham, J.; Kemp, M.J.). By Order issued June 8, 2005 in Case No. 2:05cv512 (Doc. 7), the two cases have been consolidated under this earlier-filed case

---

[1]In the petition, petitioner properly named as respondent Deb Timmerman-Cooper, Warden of London Correctional Institution (LoCI), where petitioner was then incarcerated. However, it appears from the record that since the time petitioner instituted this action, he was released on parole under the supervision of the Ohio Adult Parole Authority (OAPA). (*See* Doc. 12). Because it appears from the present record that the OAPA now is the entity that has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

number.

This matter is now before the Court on the petitions filed in the two cases (Case No. 1:05cv132 (Doc. 2); Case No. 2:05cv512 (Doc. 3)); respondent's "Answer/Return Of Writ" with exhibits (Doc. 10); and petitioner's "traverse" brief in reply to the return of writ (Doc. 11).

**Procedural Background**

Since 1984, petitioner has been in state custody stemming from a number of criminal convictions in Hamilton County, Ohio. The first sentence was imposed on July 11, 1984 based on petitioner's conviction in Hamilton County Common Pleas Court Case No. B834725 for aggravated robbery in violation of Ohio Rev. Code § 2911.01. (Doc. 10, attachment). The seven (7) to twenty-five (25) year sentence imposed in that case was suspended, and petitioner was placed on probation for a period of three (3) years. (*Id.*).

On November 26, 1986, while he was still on probation in Case No. B834725, petitioner was convicted on new charges of breaking and entering and tampering with coin machines in Hamilton County Common Pleas Court Case No. B863099; petitioner was sentenced to a one (1) year term of imprisonment in that case. (Doc. 2, Ex. A). In addition, on December 16, 1986, petitioner's probation in Case No. B834725 was revoked, and the court ordered that "sentence be executed forthwith; to wit, Defendant is sentenced to be imprisoned in Ohio Reformatory for a minimum term of FOUR (4) Years and a maximum term of TWENTY-FIVE (25) Years, consecutive to time being served" in Case No. B863099. (Doc. 10, attachment).

Petitioner was eventually released on parole. While on parole, petitioner was convicted on March 30, 1993 in Hamilton County Common Pleas Court Case No. B928868 of aggravated trafficking in violation of Ohio Rev. Code § 2925.03(A)(2); petitioner was sentenced to a one (1) year term of imprisonment in that case, which at that time was required by state statute to be served consecutively to his prior sentences. (*See* Doc. 2, Ex. B; Doc. 10, Brief, p. 2 & Ex. 1).

Respondent states that petitioner was released on parole in 1996, but was re-imprisoned after he was arrested and convicted on January 8, 1997 in Hamilton County Common Pleas Court Case No. B965497 of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A). (Doc. 10, Brief, p. 2; *see also* Doc. 2, Ex. C). In

that case, petitioner was sentenced to a mandatory three (3) year term of imprisonment. (*Id.*). Apparently, because the case fell under the provisions of Ohio's Senate Bill 2, the sentence was to be served concurrently with petitioner's prior prison sentences. (*See* Doc. 10, Ex. 1).

It appears from the record that petitioner was next released on parole on October 1, 2001. (Doc. 10, Ex. 1). Respondent has submitted as an exhibit to the return of writ the April 18, 2005 Affidavit of Melissa Adams, Assistant Chief of the Bureau of Sentence Computation for the Ohio Department of Rehabilitation and Correction, wherein it is averred that petitioner "was declared a violator at large on 10/1/02 and assessed 133 days of lost time" and "was again at large on 11/12/03 and assessed 72 days of lost time." (*Id.*). According to Ms. Adams, the "addition of the lost time amounts to the maximum expiration of sentence has resulted in a new date of 12/13/2013," from the May 22, 2013 calculated maximum expiration of sentence date previously determined from the sentences imposed to run consecutively in Case Nos. B834725, B863099 and B928868. (*See id.*). In his "traverse" brief, however, petitioner contests Ms. Adams' assertion that petitioner was "declared a parole violator at large," as unsupported by any "documentation." (Doc. 11).

After his release on parole on October 1, 2001, petitioner was again returned to prison upon his arrest and conviction on April 6, 2004 in Hamilton County Common Pleas Court Case No. B0400799 for possession of cocaine in violation of Ohio Rev. Code § 2925.11(A). (Doc. 2, Ex. D). In that case, petitioner was sentenced to a seven (7) month prison term. (*Id.*). The sentence did not affect the calculation of the maximum expiration of sentence date, which remained December 13, 2013. (Doc. 10, Ex. 1).

On December 21, 2004, petitioner filed a petition for writ of habeas corpus with the Ohio Supreme Court, claiming that he should be released immediately from prison on the ground that he has fully served his prison sentences. (*Id.,* Ex. 2). On February 2, 2005, the Ohio Supreme Court *sua sponte* dismissed the case without opinion. (*Id.,* Ex. 3).

Petitioner was still incarcerated when he commenced the instant federal habeas corpus action. The petition, dated February 22, 2005, was received by the Court on

3

February 28, 2005 and stamped as "filed" on March 2, 2005. (Doc. 2).[2]

In her April 18, 2005 Affidavit attached to the return of writ, Ms. Adams averred that petitioner "was most recently seen by the Parole Board in November of 2004 and given a projected parole date of 8/1/05." (Doc. 10, Ex. 1). Apparently, petitioner was granted parole around that time, because he informed the Court by letter dated July 24, 2005 that his address had changed and provided a non-institutional business address for all further contact with him regarding "all filings and notices" in this proceeding. (*See* Doc. 12).

## OPINION

### Petitioner Is Not Entitled To Habeas Relief Because His Sentences Have Not Fully Expired

Petitioner alleges as the sole basis for relief in this consolidated habeas action that he should no longer be held in state custody or under state supervision because he has fully served his prison sentences. (*See* Doc. 2; Case No. 2:05cv512, Doc. 3). It is clear from the record, however, that such is not the case.

Petitioner's sentences in Hamilton County Common Pleas Court Case Nos. B834725 and B863099 resulted in a maximum prison term totaling twenty-six (26) years due to expire September 7, 2012. (*See* Doc. 2, Ex. A; Doc. 10, attachment & Ex. 1). Moreover, the maximum expiration of sentence date was extended to May 22, 2013, when petitioner was later convicted of aggravated trafficking in Hamilton County Common Pleas Court Case No. B928868 and sentenced to a one-year prison term to run consecutively to the sentences in Case Nos. B834725 and B863099. (*See* Doc. 2, Ex. B; Doc. 10, Ex. 1).

It is the State's position that the maximum expiration of sentence date was extended even further to December 13, 2013 by the loss of time when petitioner was declared a parole violator at large. (Doc. 10, Ex. 1). Petitioner has contended that this calculation should be disregarded, because the State has not provided any

---

[2]The petition filed in the consolidated Case No. 2:05cv512 was filed a few months later on May 24, 2005. (*See* Case No. 2:05cv512 (Doc. 3)).

4

documentation to support such a claim. (Doc. 11). However, even assuming, *arguendo,* in petitioner's favor on this point, it is clear from the record that petitioner will not have fully served all of his prison sentences until the year 2013.

Finally, to the extent petitioner contends that any of the sentences imposed to be served consecutively in Case Nos. B834725, B863099 and B928868 were effectively terminated when he was released on parole on a number of occasions throughout the ensuing years, his argument lacks merit. In the absence of an order by the Hamilton County Common Pleas Court vacating any of the judgment entries of sentence against petitioner, which affect the calculation of the maximum expiration of sentence date, petitioner remains subject to state custodial supervision until some time in the year 2013.

Accordingly, the Court concludes that petitioner is not entitled to federal habeas corpus relief in this consolidated action.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Case No. 1:05cv132 (Doc. 2); Case No. 2:05cv512 (Doc. 3)) be DENIED with prejudice.

2. A certificate of appealability should not issue in this consolidated case, because petitioner has failed to make a substantial showing of the denial of a constitutional right in his petitions. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/15/2006              s/Timothy S. Hogan
   cbc                                           Timothy S. Hogan
                                                          United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-132denypet.ExpiredSentenceClaim.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Fred Anders,
    Petitioner,

                             Case No. 1:05cv132
    v.                         (Spiegel, S.J.; Hogan, M.J.)
                            Case No. 2:05cv512
                            (Graham, J.; Kemp, M.J.)

Ohio Adult Parole Authority,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:05cv132 Doc. 13

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Fred L Anders<br>Diversified Community<br>Services, Inc<br>1651 E. Main St.<br>Columbus, OH 43205 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0006 5230 5226 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835